{¶ 23} Although it is always difficult to ascertain the extent to which a sentencing recommendation by the state may have influenced the sentence actually imposed by the trial court, the recommendation of the state at sentencing has traditionally been an important component to both the prosecution and the defense in the process of obtaining a negotiated plea. If the state wishes to have its *Page 16 
sentencing recommendations continue to carry any weight in the plea negotiation process, the state cannot afford to have its representations about these recommendations at the plea hearing come to be regarded as disingenuous.
 {¶ 24} In this case, the State set forth the terms of the negotiated plea at the plea hearing, stating first what charges the defendant would be pleading guilty to based on the dismissal of one count of the indictment. The prosecutor then addressed the matter of sentencing recommendations, stating that in return for the guilty plea, the State would be recommending no PRC time, a concurrent sentence, and a specified amount of restitution. In my view, when the state undertook to itemize three different sentencing recommendations it would make in return for the guilty plea, the defendant was entitled to presume the agreement was complete.
 {¶ 25} Unfortunately, the interpretation of the agreement promulgated by the majority seems to be that the prosecution is free to say anything at sentencing it did not expressly promise not to say in the plea agreement. This will be a much more difficult matter to negotiate because instead of simply holding the state to what they said they would recommend, it will require the defense to anticipate and proscribe in the plea agreement every possible comment the defense might not want the state to make at sentencing. It is hard to see how this approach will not inevitably undermine confidence in the representations of prosecutors about what *Page 17 
recommendations they will make and thereby diminish their ability to effectively utilize the "recommendation of the state at sentencing" as any kind of meaningful component in a negotiated plea.
 {¶ 26} For these reasons, I respectfully dissent. I believe the terms of the plea agreement were not followed by the state in this case. The defendant moved the very next day after the plea to withdraw it on that basis. At the very least, the trial court should have conducted a hearing on the motion to determine whether the additional recommendations of the state played any part in the trial court's sentencing decision. I would reverse the decision of the trial court denying the motion to withdraw the plea and remand for further proceedings. *Page 1